-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS SOBCZAK,

        Petitioner,

        -v-

UNITED STATES,

        Respondent.

**DECISION AND ORDER**
97-CR-0114A

---

Petitioner, Dennis Sobczak, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2),[1] on the ground that *United States v. Booker*, ---U.S.---,125 S.Ct. 738, 160 L.Ed.2d 621 (2005), struck down the mandatory application of the Sentencing Guidelines and has therefore, in effect, "subsequently lowered" the guideline ranges of all offenses for purposes of the language of § 3582(c)(2). However, this Court finds that the relief petitioner seeks is the correction of his sentence pursuant to 28 U.S.C. § 2255 and that this motion will be recharacterized as a motion pursuant to 28 U.S.C. § 2255, *see Vasquez v. U.S.*, No. 89 CR. 478(RPP), 2001 WL 668933 (S.D.N.Y., June 13,

---

[1] Title 18, United States Code, Section 3582, subsection c, states:

The court may not modify a term of imprisonment once it has been imposed except that-

...
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2001), unless petitioner notifies this Court in writing **within 30 days of the entry of this Order** that he does not want the motion to be recharacterized and thereby voluntarily withdraws the instant motion.

Based on the plain language of § 3582(c)(2), it has no application to petitioner's claim to correct his sentence based on Booker, and, therefore, the proper basis for this motion is 28 U.S.C. § 2255. See U.S. v. Sanchez, slip op., No. 05-2636, 2005 WL 1798284 (3d Cir. Aug. 1, 2005)[2] (§ 3582(c)(2) (Third Circuit rejecting identical claim made by petitioner herein that Booker "effectively amended" the Sentencing Guidelines); cf. United States v. McBride, 283 F.3d 612 (3d Cir.2002) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), does not afford relief under § 3582(c)(2) because such a claim is "independent of and unrelated to any change in the Guidelines, and [is], therefore, outside the scope of a sentence modification under § 3582(c)(2)").

In Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (per curiam), the Second Circuit Court of Appeals held that district courts may not sua sponte convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the petitioner notice and an opportunity to decline the conversion or

---

[2]The Court notes that this opinion was not selected for publication in the Federal Reporter and was issued under Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. This Court does not cite to this opinion for any purpose other than its well-reasoned discussion of the issue of whether Booker is a ground for a motion to reduce a sentence under 18 U.S.C. § 3582(c)(2).

2

withdraw the motion.[3] The Supreme Court adopted this same rule in *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786 (2003).

Therefore, the Court is hereby notifying and advising petitioner that it intends to recharacterize this motion as a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 and that this recharacterization means that any subsequent § 2255 motions will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2255[4]. If the motion is recharacterized as a motion under § 2255 it will also be subject to the one year period of limitations set forth in § 2255.[5] *See U.S. v. Guzman,*

---

[3]Specifically, the Second Circuit stated in *Adams* that a district court could not recharacterize or convert a putative motion brought pursuant to Fed.R.Crim.P. 12(b)(2) to a motion under § 2255 unless: "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." 155 F.3d at 584.

[4]Section 2255 now contains a gate-keeping mechanism which requires a "second" or "successive" § 2255 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that not reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b); *Adams v. United States,* 372 F.3d 132, 135 (2d Cir. 2004). If the motion is not so certified, a movant cannot bring a § 2255 motion.

[5]Section 2255 provides that:

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

3

404 F.3d 139, 140 (2d Cir.2005) ("hold[ing] that Booker does not apply retroactively to cases on collateral review"). The recharacterization or conversion of this petition to a motion under § 2255 will occur unless petitioner notifies the Court in writing within **30 days** of entry of this Order **that he either (1) consents to the recharacterization despite the consequences of recharacterization, see 28 U.S.C. § 2255 and the period of limitations set forth above or (2) voluntary withdraws the motion instead of having it recharacterized as a motion to vacate the sentence under § 2255. If petitioner does not advise the Court in writing within 30 days of either his consent to the recharacterization of this motion as a motion to correct the sentence under § 2255 or his voluntary withdrawal of this motion, the Court will on its own recharacterize this motion as a motion under § 2255.**

Moreover, if petitioner consents to have this motion recharacterized as a motion under § 2255, he must also advise the Court within **30 days** of entry of this Order why the recharacterized motion under § 2255 is timely. See 28 U.S.C. § 2255.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Aug. 23, 2005

4