Case 1:97-cr-00114-RJA   Document 20   Filed 12/27/05   Page 1 of 4

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS SOBCZAK,

        Petitioner,

    -v-

UNITED STATES,

        Respondent.

**DECISION AND ORDER**
97-CR-0114A

---

On August 10, 2005, petitioner, Dennis Sobczak, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), on the ground that the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), struck down the mandatory application of the Sentencing Guidelines and, therefore, in effect, "subsequently lowered" the guideline ranges of all offenses for purposes of § 3582(c)(2). (Docket No. 16). Petitioner was previously convicted in this Court in 1998, pursuant to a plea of guilty, of one count of bank robbery, assault with a deadly weapon (18 U.S.C. § 2113(d)), and one count of commission of a violent crime with a machine gun (18 U.S.C. § 924(c)), and sentenced to a total of 248 months imprisonment, plus a period of supervised release, restitution and a special assessment. (Docket No. 13).

Following the filing of the motion, the Court, *sua sponte*, issued a Decision and Order which, pursuant to the mandate of *Adams v. United States*, 155 F.3d

582, 584 (2d Cir. 1998 (*per curiam*), advised Sobczak that it intended to recharacterize his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and provided him the opportunity to withdraw the motion if he did not wish it to be so recharacterized. (Docket No. 17). The Court advised petitioner that it intended to recharacterize the motion because 18 U.S.C. § 3582(c)(2)[1] was not a proper avenue to seek to reduce or vacate his sentence pursuant to *Booker* because said statute applies only to changes made by the Sentencing Commission to a sentencing range made subsequent to one's sentencing. The Court noted that *Booker* was not an amendment or change to a sentencing range made by the Sentencing Commission. *See U.S. v. Sanchez*, 140 Fed.Appx. 409 (3d Cir., Aug. 1, 2005) (Third Circuit rejecting identical claim made by petitioner herein that *Booker* "effectively amended" the Sentencing Guidelines for purposes of § 3582(c)(2)) (non-precedential decision), *cert. denied*, *Sanchez v. U.S.*, 126 S.Ct. 599 (2005); *Trader v. U.S.*, Nos. Civ.A. 02-1117, 03-3595, 04-2258, 05-1595, CRIM.A. 94-534-02, 2005 WL 3263043 (E.D.Pa., Nov. 30, 2005) ("However sweeping the holding in *Booker* may have been . . . *Booker* did not lower any

---

[1] Section 3582(c)(2) states:
[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ⋯ the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

specific guideline range [for purposes of § 3582(c)(2)") (citing *Sanchez*, 140 Fed.Appx. at 410); *U.S. v. Durr*, No. CR-2-89-113, 2005 WL 1318836 (S.D.Ohio,2005) (motions based on *Booker* cannot be brought under § 3582(c)(2) because to allow such would effectively make *Booker* retroactive, "albeit through the guise of a section 3582(c)(2) motion." ); *see also United States v. McBride*, 283 F.3d 612 (3d Cir. 2002) (holding that *Apprendi v. New Jersey*, 530 U.S. 486 (2000), does not afford relief under s 3582(c)(2) because such a claim is "independent of and unrelated to any change in the Guidelines, and [is], therefore, outside the scope of a sentence modification under s 3582(c)(2)).

Petitioner responded to the Court's Decision and Order (Docket Nos. 18-19), and advised the Court that he did not want his motion to reduce his sentence to be recharacterized as a motion under § 2255; rather, he stated that he wanted the Court to treat the motion as filed--a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2)--and decide it accordingly.  Petitioner notes, and correctly so, that if the motion was recharacterized it would be denied.  See *U.S. v. Guzman*, 404 F.3d 139, 140 (2d Cir. 2005) (*Booker* does not apply retroactively to cases on collateral reveiw).

Accordingly, because Sobczak does not wish his motion to reduce his sentence brought pursuant to 18 U.S.C. § 3582(c)(2) to be recharacterized as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, the Court will not

3

recharacterize the motion and, for the reasons set forth above, the Court hereby **DENIES** Sobczak's motion to reduce his sentence under § 3582(c)(2) because § 3582(c)(2) is not an avenue Sobczak can pursue to seek to reduce his sentence under *Booker*.[2]

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _____Dec. 22_____, 2005

---

[2] If Sobczak intends to appeal this Order he must file a notice of appeal in this Court within 30 days of entry of this Decision and Order. Fed.R.App. 4(a); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11. Sobczak's previously submitted notice of appeal was returned to him because it did not indicate what order or judgment he was appealing from, and he later informed the Court (Docket No. 19) that the notice of appeal was premature and that he would later be appealing from whatever order the Court issued in this matter in relation to either recharacterizing the motion or treating it as filed and denying it. Accordingly, there is presently no operative notice of appeal and if Sobczak intends to appeal from this Decision and Order he must do so pursuant to Fed.R.App. 4(a).